UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT RICHARD )<br>  BROWN, )<br>)<br>Respondent. ) | Case No. 2:12-cv-064-WTL-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Shavaughn Carlos Wilson-El ("Wilson-El") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Wilson-El is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISP 10-10-0134, wherein he was found guilty of assault/battery with a weapon or inflicting serious bodily injury.

2. A conduct report was issued reciting that based on information and evidence collected, Wilson had committed assault/battery, during the morning of October 9, 2010.

3. After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on October 25, 2010, Wilson-El was found

guilty of assault/battery with a weapon or inflicting serious bodily injury. He was sanctioned, in part, with the deprivation of a period of earned good time, his administrative appeals were rejected, and this action followed.

### Wilson-El=s Claims

Contending that the proceeding described above is tainted by constitutional error, Wilson-El seeks a writ of habeas corpus. His specific contentions are that: (1) he was convicted despite exculpatory evidence; (2) he was denied evidence.

### Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Wilson-El was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and

present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Wolff*). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Wilson-El received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Wilson-El was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. Wilson-El=s claims otherwise are unavailing here.

! Wilson-El complains that he was convicted despite exculpatory evidence. Specifically, Wilson argues in part that the "officer/witness watched another offender enter my cell, whereupon I had no choice but to fight him off because he had attacked me with a knife and his fists." The account set forth in the Report of Investigation is as follows:

> On Saturday 10/09/10, at 10:55 AM, Ofc. Timothy Tibbs reportedly witnessed offenders Cartier Rachell 149085 (DE-DE5-507) and Shavaughn Wilson 918806 (DE-DE5-533) ran (sic) out of cell DE-DE5-533. Ofc. Tibbs noticed that both offenders were bloody, as both offenders ran down DE5 Range. Rachell picked up a mop handle and appeared to use it to keep Wilson away from him. Ofc. Tibbs called an emergency over the two-way radio and both offenders were restrained and removed from DE5 by First Responders.

> Rachell was escorted to the Medical Services Unit (MSU), was treated for 5 stab wounds and subsequently transported to St. Anthony Memorial Hospital for further medical treatment. Wilson was escorted to MSU, where I conducted an interview, in another room separate from Rachell. Wilson was treated for facial injuries, a cut finger and scuffed knees. I interviewed Wilson a second time in the holding area of the Custody Hall. Wilson stated that Rachell had came (sic) in his cell (DE-533), 'cold-cocked' him and began swinging a small, pointed piece of metal weapon. Wilson stated that he defended himself. Wilson stated that he threw the weapon down the range. Wilson stated that Rachell had attempted to rob him and attacked Wilson.
>
> The incident took place on DE5, a Range secured at each end that effectively contained the incident to the cells on DE5 Range. Three cells on DE5 Range were unlocked at the time of the incident. 507-Rachell, 527-Kurtis Hall 910492 and 533-Wilson. Ofc. Tibbs reported that Hall never came out of his cell and had no involvement in the incident. CCTV recordings also did not show Hall outside of his cell (527) on DE5 Range during the incident. Nothing was found to indicate that Hall had any physical involvement in the incident. CCTV Recordings support Ofc. Tibbs' version of the incident.
>
> CCTV recordings indicate that Rachell and Wilson were fighting on DE5.

This first habeas claim is meritless because it is based on an argument contrary to the expanded record. Furthermore, although it is true that a disciplinary board may not ignore exculpatory evidence, *Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003), that did not happen here.

!    Wilson-El complains that he was denied evidence, but the expanded record shows this is not the case. Specifically, the expanded record shows that the hearing officer considered the Conduct Report, the Report of Investigation of Incident, the offender's statement, witness statements, the Confidential Investigative File, and videotape evidence. Wilson-El states that the videotape evidence reviewed by the hearing officer conflicts with the proper video evidence that would vindicate him. He also argues that the officers at both levels of his

administrative appeal did not complete an independent review. The record shows that Wilson-El was notified of the charge and of his procedural rights on October 15, 2010, and that the hearing occurred on October 25, 2010. Due process requires that prisoners receive written notice of the claimed violation at least 24 hours before a hearing. *Wolff,* 418 U.S. at 564; *Scruggs*, 485 F.3d at 939. This requirement is satisfied as long as the notice provides enough of the underlying facts to allow the prisoner to prepare a defense. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361-62 (7th Cir. 1992). Wilson-El received notice of the charge ten days before his hearing. This was sufficient to put Wilson-El on notice of, and allow him to defend against, the charge. That is all that due process requires. *See id*. at 362. With respect to Wilson-El's concern with the action on his administrative appeals, that stage played no role in according him the protections required by *Wolff. Lucas v. Montgomery*, 583 F.3d 1028, 1031 (7th Cir. 2009).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wilson-El to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 11/26/2013

                                        Hon. William T. Lawrence, Judge
                                        United States District Court
                                        Southern District of Indiana

Distribution:

Shavaughn Carlos Wilson-El
#917706
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel